## New York Marine Court.

*Trial Term—February*, 1876.

## EMMA BEHRENS *against* FRANK H. RODEN-BURG, AND OTHERS.

Action upon bond of special guardian. Jurisdiction of the common pleas in regard to sale of infants' estates. When leave to sue guardian's official bond necessary, and when cause of action thereon complete.

McADAM, J.—In proceedings under the statute relating to the conveyance of lands by infants, and the sale and disposition of their estates (2 *Edm. R. S.* 202), the defendant Rodenburg was by an order of the New York common pleas, made March 29, 1871, appointed the special guardian of Emma Behrens, the present plaintiff, who was then an infant. The defendant Rodenburg, as special guardian, and his co-defendants, Kessler, Weiler and Weber, as sureties, joined in the execution of the bond required by statute (*supra*, § 172), whereby the said obligors, jointly and severally, bound themselves to the infant in the penal sum of two thousand dollars that the said "Frank H. Rodenburg shall faithfully perform the trust reposed in him as such special guardian, and shall pay over, invest and account for all moneys that shall be received by him, according to the order of any court having authority to give directions in the premises, and shall observe the orders and directions of the court in relation to such trust."

On November 14, 1873, Emma Behrens, the infant, arrived at lawful age, and thereupon instituted proceedings in the common pleas for an accounting. On December 7, 1875, an order was made by that court re-

ferring it to a referee, to state the accounts of the special guardian. The referee proceeded with the accounting, and made his report to the court, which was confirmed, and an order thereupon made on December 11, 1875, giving effect to it by requiring the special guardian to pay over to Emma Behrens, his late ward, the sum of $1,032.72, found due to her from him by the referee upon such accounting.

Demand was made upon the special guardian for the amount directed to be paid. He refused to pay, and this refusal constituted a breach of the condition of the bond, whereupon the plaintiff commenced the present action upon the official bond of the guardian, in which he and his sureties are joined as defendants. Upon the trial, the defendants relied entirely upon technicalities for success in their defense.

*First.* They disputed the jurisdiction of the court of common pleas, in proceedings relating to the sale of infants' estates, claiming that such jurisdiction resided exclusively in the supreme court of the State as the successor to the late court of chancery. This objection was overruled upon the ground that the common pleas had concurrent jurisdiction in that respect, with the supreme court (*L.* 1854, c. 198, §.6; *Code,* § 30 ; Brown *v.* Snell, 57 *N. Y.* 286 ; *Const.* art. 6, § 12 ; *L.* 1873, c. 239) ; and that, if this were even doubtful the guardian and sureties were by their acts estopped from disputing the validity of the proceedings under which the defendants, by their bond, enabled the special guardian to obtain possession of the infant's moneys. The objection to the jurisdiction of the common pleas is, however, as destitute of legal force as it is of good morals.

*Second.* They claim that, under section 173 of the statute (*supra*), no action could be maintained upon the official bond of the guardian until it had first been declared forfeited, and until leave to prosecute it had been obtained from the common pleas. The bond was

given directly to the infant, and for her exclusive benefit, and after she ceased to be a ward of court, and became *sui juris*, she became entitled to assert her rights wherever it became necessary, without asking the favor of any court ; and the confirmation of the referee's report upon the accounting, accompanied by the final directions or judgment of the common pleas requiring the special guardian to pay her an ascertained and specific amount, in full discharge of his duties as guardian, left the plaintiff at liberty to enforce that final order or judgment, either in that court against the guardian personally, or in any other court having jurisdiction of the subject matter, by action upon the guardian's official bond ; and this final order of the common pleas may be regarded, if necessary, as a declaration forfeiting the bond and as a permission to the plaintiff to assert her rights, as established and determined, in any manner which she might think best for her protection and safety.

The provision of the statute referred to was evidently intended to apply to cases in which the right to prosecute was claimed before the infant became *sui juris* and while she was still under the care and direction of the court. Salisbury *v.* Van Hoesen (3 *Hill*, 77), cited by the defendants, does not reach the point involved in the present case. In that case the accounts of the guardian had not been settled by the parties, nor by proceedings in the court of chancery, and there was no order by the chancellor directing the payment of any specific or other amount of money, and the supreme court held that the action was, for the reasons stated, prematurely brought, and in ordering judgment for the defendants, the court said that "until these things are done a court of law ought not to undertake the adjustment of a trust of this description, which properly belongs to a court of equity."

In the present action all these various proceedings

were had, and the reasons which induced the judgment for the defendants in Salisbury *v.* Van Hoesen (*supra*) do not exist in the present case. Brown *v.* Snell (57 *N. Y.* 286) does not conflict with the views here expressed, and is substantially an affirmation of Salisbury *v.* Van Hosen in a limited sense.

*Third.* They also claimed that under the rules of court the guardian had twenty days within which to comply with the final order of the common pleas, and that this time had not expired when the present action was commenced. I doubt the application of this rule to the present case ; but be that as it may, the unqualified refusal of the guardian to pay dispenses with the necessity of waiting twenty days, even if that would have been otherwise necessary, for it is absurd to say that the guardian still retained the right to have twenty days within which to pay when he declared that he would not pay at all (Norwich & N. Y. Trans. Co. *v.* Western Mass. Ins. Co., 34 *Conn.* 561 ; Phillips *v.* Protection Ins. Co., 14 *Mo.* 220). These various objections were made upon the trial, and were each of them overruled, and the jury, under the direction of the court, found a verdict for the plaintiff for the amount claimed, $1,032.72, and interest thereon.

The defendants now move for a new trial, upon the ground that the court erred in overruling the three objections stated, and that the exceptions thereto ought to have been sustained. I can discover no error in the rulings, and the motion for a new trial upon the minutes will therefore be denied, with ten dollars costs.